UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DOUVER TORRES BRAGA,<br>JOFF PARADISE, and<br>KELEIONALANI TAYLOR,<br><br>Defendants. | Case No. 2:22-cv-1563-TL<br><br>STIPLATION AND [PROPOSED] ORDER RE: STAY OF PROCEEDINGS AND DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>March 6, 2025 |

STIPULATION

Plaintiff Securities and Exchange Commission ("SEC") and the sole appearing defendant, Douver Braga (together, "the Parties"), hereby stipulate and agree as follows:

WHEREAS, a related criminal case, *United States v. Douver Braga*, Case No. 2:22-cr-169-TL, is currently pending before the Court (the "Criminal Case").

WHEREAS, Defendant Braga requested that the SEC agree to a stay of the instant civil case (the "Civil Case") until the resolution of the pending Criminal Case because: there are overlapping issues of fact and law between the Civil Case and the Criminal Case; Defendant

STIPULATION RE STAY OF PROCEEDINGS
*SEC V. BRAGA, ET AL.* (NO. 2:22-cv-1563-TL )

Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, California 94104
(415) 705-2500

1  Braga has potential Fifth Amendment issues related to these cases; and a stay of the Civil Case,
2  including discovery, would be beneficial to the parties in the Criminal Case. In addition,
3  Defendant Braga asserts that his resources will be burdened if he must simultaneously defend
4  himself in both the Civil and Criminal Cases.
5      WHEREAS, the SEC has been informed by the Assistant United States Attorney
6  representing the United States in the Criminal Case that the United States concurs that a stay of
7  the Civil Case, including discovery, would be beneficial to the parties in the Criminal Case.
8      WHEREAS, a court has the authority to stay a civil proceeding pending the outcome of a
9  parallel criminal proceeding when the interests of justice seem to require such actions. *See*
10 *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995). The Ninth Circuit
11 explained the factors to be considered as follows:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decision maker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decision maker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

19 *Id.* (internal quotation marks and citation omitted).
20     WHEREAS, based on the facts and circumstances of this case, the SEC does not oppose
21 a stay of the Civil Case, including discovery, until resolution of the Criminal Case (*i.e.*,
22 sentencing or dismissal, not appeal).
23     The SEC believes that if a stay is granted, it should also include the proceedings in this
24 case against Defendants Joff Paradise and Keleionalani Taylor who are currently in default. Dkt
25 #29. The SEC intends to move for default judgment against Defendants Paradise and Taylor,
26 which would include briefing, and a court decision, on several factors including the merits of the
27 SEC's claims and the sufficiency of the complaint. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72
28 (9th Cir. 1986) (setting forth factors courts may consider in exercising discretion to enter default

STIPULATION RE STAY OF PROCEEDINGS  
*SEC V. BRAGA ET AL.* (2:22-cv-1563-TL)

2

**Securities and Exchange Commission**  
44 Montgomery Street, Suite 700  
San Francisco, California 94104  
(415) 705-2500

judgment including the merits of plaintiff's substantive claims and sufficiency of the complaint); *SEC v. S-Ray Inc.*, Case No. 3:22-cv-5150-JHC, 2023 WL 121435, at *1 (W.D. Wash. Jan. 6, 2023) (same). As there are several overlapping issues of fact and law between the civil complaint and the criminal indictment, a stay as to Defendants Taylor and Paradise would avoid potentially inconsistent Court findings and rulings between the Civil Case and the Criminal Case, and would also aid the Court in the management of its cases and efficient use of judicial resources.

Both charging documents allege that Braga (and, in the civil complaint, also Paradise) committed fraud by promoting Trade Coin Club to investors by falsely claiming that, among other things, Trade Coin Club operated a sophisticated cryptocurrency trading robot and the trading software underlying the robot had a "stop loss" feature that guaranteed minimum daily profits. *See e.g.*, Complaint ¶¶ 26, 31; Indictment ¶ 7. The charging documents further allege that Trade Coin Club was, in fact, a fraudulent multi-level marketing scheme in which investor withdrawals were funded by other investor deposits, *i.e.*, a Ponzi scheme. Complaint ¶¶ 39-43, 51; Indictment ¶ 7. In addition, the Civil Case charges Defendants Braga, Paradise, and Taylor with selling, or offering to sell, securities related to Trade Coin Club without proper registration statements, and charges Defendants Paradise and Taylor with acting as brokers with regard to securities in Trade Coin Club without themselves being registered with the SEC. Complaint ¶¶ 76-81. These civil charges will involve facts and circumstances regarding the structure, operation and marketing of Trade Coin Club that will also be litigated in the Criminal Case. The SEC believes that, if the Court grants a stay of the Civil Proceedings as to Defendant Braga, then these factual and legal issues should be litigated first in the Criminal Case where Defendant Braga is properly before the Court and is represented by counsel. After the Criminal Case is resolved, the SEC will attempt to resolve the Civil Case with Defendant Braga and also move for default judgment against Defendants Paradise and Taylor. Defendants Paradise and Taylor are not prejudiced by the stay because they have not entered an appearance and are in default.

The SEC has further been informed that the United States' position is that the stay should apply to all defendants in the Civil Case for the same reasons. Defendant Braga takes no position of whether the stay should include Defendants Paradise and Taylor.

STIPULATION RE STAY OF PROCEEDINGS
*SEC V. BRAGA ET AL.* (2:22-cv-1563-TL)

3

Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, California 94104
(415) 705-2500

WHEREFORE, the Parties stipulate to, and respectfully request that the Court enter, the accompanying Proposed Order, staying the Civil Case as to all named defendants, including discovery, until resolution of the Criminal Case. Within thirty days of the resolution of the Criminal Case, the Parties will file a status report in the Civil Case with their recommendation on how the Court and the Parties should proceed with the Civil Case. The Parties stipulate that, for good cause (such as future unavailability of witnesses or documents), the Parties may conduct limited civil discovery by stipulation or by Court Order.

STIPULATED AND AGREED TO BY:

Dated: March 6, 2025                    Plaintiff Securities and Exchange Commission

*/s/ John K. Han*
John K. Han
U.S. Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, CA 94104
*Attorney for Plaintiff Securities and Exchange Commission*

LETHER LAW GROUP

*/s/ Eric J. Neal (by jkh with permission)*
Eric J. Neal, WSBA #31863
Kasie Kashimoto, WSBA #54268
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
eneal@letherlaw.com
kkashimoto@letherlaw.com
*Attorneys for Defendant Douver Torres Braga*

THE VOLKOV LAW GROUP PC

*/s/ Michael Volkov (by jkh with permission)*
Michael Volkov, *admitted pro hac vice*
Matthew J. Stankiewicz, *admitted pro hac vice*
155 Palisade Ave
Jersey City, NJ 07306
P: 732-979-9771
mvolkov@volkovlaw.com
mstankiewicz@volkovlaw.com
*Attorneys for Defendant Douver Torres Braga*

STIPULATION RE STAY OF PROCEEDINGS
*SEC V. BRAGA ET AL.* (2:22-cv-1563-TL)

4

**Securities and Exchange Commission**
44 Montgomery Street, Suite 700
San Francisco, California 94104
(415) 705-2500

### [~~PROPOSED~~] ORDER

Based on the foregoing stipulation, and for good cause shown, IT IS HEREBY:

ORDERED that all proceedings in this Civil Case, *SEC v. Braga., et al.*, 2:22-cv-1563-TL, including discovery, are stayed until further order of the Court. The stay applies to all named defendants named in the complaint. However, for good cause (such as future unavailability of witnesses or documents), the Parties may conduct limited discovery by stipulation or by Court Order; and

FURTHER ORDERED that, within thirty days after resolution of the District Court Criminal Case, *United States v. Douver Braga*, Case No. 2:22-cr-169-TL, (*i.e.*, sentencing or dismissal, not appeal), the Parties shall file a status report with the Court.

Date: March 6, 2025

The Honorable Tana Lin
United States District Judge

STIPILATION RE STAY OF PROCEEDINGS
*SEC V. BRAGA ET AL.* (2:22-cv-1563-TL)

5

Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, California 94104
(415) 705-2500